IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-00235-4D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **PRELIMINARY ORDER OF** |
| | : | **FORFEITURE AS TO** |
| TRAVIS KWYMAINE RUFFIN | : | **SUBSTITUTE PROPERTY** |

WHEREAS, on December 13, 2018, the Court entered a Preliminary Order of Forfeiture against the above-named defendant, ordering the defendant to forfeit to the United States:

- $1,700.00, which represents proceeds that the defendant personally obtained directly or indirectly as a result of the said offenses, and for which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p);

AND WHEREAS, the above-referenced forfeiture money judgment represents the gross proceeds personally obtained by the defendant as a result of the offense(s) for which he/she was convicted, and is an amount for which the defendant is solely liable and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p);

AND WHEREAS, as of this date, no amount has been paid or collected toward the forfeiture money judgment, and the entire balance remains outstanding;

1

AND WHEREAS, the defendant, by virtue of entering into a Plea Agreement, stipulated and agreed to the amount of the money judgment imposed in this case, and also agreed that one or more of the conditions to forfeit substitute assets exists, as set forth 21 U.S.C. § 853(p).

NOW, THEREFORE, based upon the points and authorities in the government's motion, and all of the evidence of record in this case, the Court FINDS as fact and CONCLUDES as a matter of law that each item of property listed below is property of the defendant that qualifies for forfeiture as substitute property pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The following property of the defendant, not to exceed the value of $1,700.00, is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), as substitute assets to satisfy the forfeiture money judgment referenced above in whole or in part, provided that the net proceeds of any forfeited assets shall be credited toward satisfaction of the judgment upon liquidation:

Substitute Property:

a) All funds on deposit in the Inmate Trust Fund Account of TRAVIS KWYMAINE RUFFIN, Reg. No. 65036-056, not to exceed $1,700.00, and with the exception of at least $250.00 to be left in the account for the defendant's use.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the U.S. Attorney General, Secretary of the Treasury, Secretary of Homeland Security, or a designee is

2

authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third-party. **Any person who knowingly destroys, damages, wastes, disposes of, transfers, or otherwise takes any action with respect to the property, or attempts to do so, for the purpose of preventing or impairing the Government's lawful authority to take such property into its custody or control or to continue holding such property under its lawful custody and control, may be subject to criminal prosecution pursuant to 18 U.S.C. § 2232(a).**

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

4. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall provide notice of this Order and of its intent to dispose of the specified real and/or personal property listed above, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States shall then file a Notice with the Court documenting for the record: (1) proof of publication, or the government's reliance on an exception to the publication requirement found in Supplemental Rule G(4)(a)(i); and (2) the government's efforts to send direct notice to all known potential

3

third-party claimants in accordance with Supplemental Rule G(4)(b)(iii), or a representation that no other potential claimants are known to the government. This Order shall not take effect as the Court's Final Order of Forfeiture until an appropriate Notice has been filed and the time in which any third parties with notice of the forfeiture are permitted by law to file a petition has expired.

5. **Any person other than the above-named defendant, having or claiming any legal interest in the subject property must, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court to adjudicate the validity of the asserted interest pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2). The petition must be signed by the petitioner under penalty of perjury and shall set forth: the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.**

6. If one or more timely petitions are received by the Court, the Court will enter a separate scheduling order governing the conduct of any forfeiture ancillary proceedings under Fed. R. Crim. P. 32.2(c). Following the Court's disposition of all timely filed petitions, a Final Order of Forfeiture that amends this Order as necessary to account for any third-party rights shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6). The receipt of a petition as to one or more specific items of property shall not delay this Order of Forfeiture from becoming final, in
4

accordance with the following paragraph, as to any remaining property to which no petition has been filed.

7. If no third party files a timely petition, or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall dispose of the property according to law, including without limitation liquidation by sale or any other commercially feasible means, destruction, and/or retention or transfer of an asset for official use. The United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7).

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED, this the **29** day of **January**, 2021.

JAMES C. DEVER III
UNITED STATES DISTRICT JUDGE